# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4571-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ABDUL HOLMAN,

     Defendant-Appellant.

_____

Submitted October 5, 2020 – Decided October 22, 2020

Before Judges Fasciale and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 12-01-0018.

Joseph E. Krakora, Public Defender, attorney for appellant (Anthony J. Vecchio, Designated Counsel, on the brief).

Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from an April 17, 2019 order denying his petition for post-conviction relief (PCR). Defendant argues that his trial and appellate counsel rendered ineffective assistance. Judge Arthur J. Batista entered the order without conducting an evidentiary hearing and rendered a twenty-page comprehensive written opinion.

A jury found defendant guilty of second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); and first-degree attempted murder, N.J.S.A. 2C:11-3(a)(1) and N.J.S.A. 2C:5-1. After granting the State's motion for a discretionary prison term, defendant received an aggregate prison term of thirty-three years subject to N.J.S.A. 2C:43-7.2. We upheld the convictions, State v. Holman, No. A-0690-13 (App. Div. July 24, 2015), and the Supreme Court denied certification, State v. Holman, 223 N.J. 356 (2015). Thereafter, the PCR judge entered the order under review.

On appeal, defendant argues:

> POINT I
> THE PCR [JUDGE] ERRED IN NOT GRANTING DEFENDANT AN EVIDENTIARY HEARING WHERE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

A. Trial and appellate counsel were both ineffective for failing to pursue and argue a self-defense theory of the case.

B. Trial counsel was ineffective for failing to call [a certain] witness . . . to testify at trial.

C. Appellate counsel was ineffective for failing to argue that a jury charge on defense of premises should have been given at trial.

D. Trial and appellate counsel were ineffective for failing to argue against the trial court's admission of prior evidence of a bad act under N.J.R.E. 404(b).

We disagree and affirm, primarily for the reasons given by Judge Batista. We add the following remarks.

A defendant is entitled to an evidentiary hearing only when he "has presented a prima facie [case] in support of [PCR]," meaning that a defendant must demonstrate "a reasonable likelihood that his . . . claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997) (first alteration in original) (quoting State v. Preciose, 129 N.J. 451, 462-63 (1992)). To obtain relief based on ineffective assistance grounds, a defendant must demonstrate not only that counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey, now known as the Strickland/Fritz test).

3

Defendant failed to meet this standard warranting an evidentiary hearing; he has not established a prima facie case of ineffectiveness, but instead made unsupported bald assertions.

Defendant is unable to meet the Strickland/Fritz prongs as to his contention that trial and appellate counsel rendered ineffective assistance by not asserting and raising the defense of self-defense. The jury found defendant shot the victim. There is no evidence that defendant had an objective and honest belief that shooting at the victim was necessary to prevent his own death or serious injury. Although there is no evidence that the victim shot at defendant, defendant's trial counsel initially considered and filed notice that she would argue self-defense. However, she later defended the charges by arguing defendant was not involved in the shooting. She concentrated, instead, on the recantation of statements made to the police by the State's only eyewitness. Rather than focusing on the number of shots heard, had the jury accepted the attempts to impeach the credibility of the witness, it would have acquitted defendant. The jury, however, believed the witness and rejected defense counsel's theory that defendant was not involved in the shooting. We will not second guess trial counsel's strategic decisions, and without more, trial counsel's

4

performance is not rendered ineffective merely because her strategic choice was unsuccessful.

Defendant contends that his trial counsel was ineffective by not calling a certain witness to testify at trial. He baldly asserts that the witness would have testified that he saw defendant running without wearing a shirt at the time of the shooting. He asserts that such testimony would have rebutted testimony from two other individuals—including the eyewitness to the shooting—that the shooter was instead wearing black t-shirt. In not calling the witness, defendant's trial counsel concentrated on discrediting the State's eyewitness by focusing on the recantation. Again, we will not second guess her trial strategy, especially when defendant has not demonstrated a reasonable likelihood that his claim will ultimately succeed on the merits.

Trial "[c]ounsel's 'strategic choices made after a thorough investigation of [relevant] law and facts . . . are virtually unchallengeable.'" State v. Petrozelli, 351 N.J. Super. 14, 22 (App. Div. 2002) (second and third alterations in original) (quoting Strickland, 466 U.S. at 690-91). "A court evaluating a claim of ineffective assistance of counsel must avoid second-guessing defense counsel's tactical decisions and viewing those decisions under the 'distorting effects of hindsight.'" Marshall, 148 N.J. at 157 (quoting Strickland, 466 U.S. at 689). In

fact, there is a strong presumption that defense counsel's conduct falls into the range of reasonable assistance as guaranteed by the Sixth Amendment. Ibid. A reviewing court should accord deference to "strategically defensible" tactical decisions. State v. Hightower, 120 N.J. 378, 402 (1990). Consequently, counsel's decision as to which witnesses to call to the stand is "an art," to which a reviewing court must be "highly deferential." State v. Arthur, 184 N.J. 307, 321 (2005) (quoting Strickland, 466 U.S. at 689, 693).

We reject the argument that defendant's counsel rendered ineffective assistance by not requesting a charge on defense of premises under N.J.S.A. 2C:3-6. The shooting here took place outside a building while the victim walked away from the premises. There is no evidence suggesting that defendant was preventing a criminal trespass during the shooting. And no evidence exists demonstrating defendant requested the victim desist before the shooting, that it would have been dangerous to himself or another to make such request, or that the building was at risk of substantial harm to justify foregoing such request. Instead, the evidence shows defendant followed the victim after defendant exited the premises.

Finally, defendant argues unconvincingly that his counsel was ineffective by not objecting to testimony from a witness who stated that, before the shooting

occurred, she saw defendant with the same gun that was later found near the scene. The trial judge introduced into evidence the statement from the witness—the eyewitness to the shooting and someone who dated defendant—because it was relevant to connecting the gun found at the scene to the gun defendant previously possessed. And the jury received an appropriate limited instruction.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4571-18T4